ORIGINAL

Shinohara.SentencingSUPPRSP

NOEL L. HILLMAN
Chief, Public Integrity Section
Department of Justice
RUSSELL C. STODDARD
First Assistant U.S. Attorney
JEFFREY J. STRAND
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
OCT 1 9 2005
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 03-00047 |
|---|---|
| Plaintiff, | ) **GOVERNMENT'S SUPPLEMENTAL** |
| | ) **RESPONSE TO PRESENTENCE** |
| vs. | ) **INVESTIGATION REPORT** |
| GIL A. SHINOHARA a/k/a GIL SHINOHARA, | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through undersigned counsel, and submits to this Honorable Court its Supplemental Response to the Presentence Investigation Report ("PSR").

The PSR correctly reflects the loss attributable to the conduct of defendant notwithstanding Application Note 3(E)(i) to U.S.S.G. §2B1.1. The defendant never "returned" any of the proceeds of the fraud. The record at trial is clear that those monies were distributed among the co-conspirators in varying amounts and used for their personal benefit.

Any claim that the stolen money was returned to the Bank of Guam ("BOG") by the Pedro's Plaza partners using the proceeds of the take out loan to David and Willy Flores is contradicted by the testimony at trial of bank witnesses William Leon Guerrero and Mike

Naholowaa.[1] Their testimony makes it clear that the loan which BOG made to cure the delinquencies of the defendant and his partners included $300,000 to finance the very same renovations that were supposed to have been made by the by the partnership with the $300,000 that they took for themselves. (Leon Guerrero Tr. pp.31-5; Naholowaa Tr. pp. 75-77). When the loan to the partners was 'paid off' by the loan to David and Willy Flores BOG had not really been made whole - the bank's collateral, Pedros Plaza, did not have the value which had been contracted for. Thus, the second loan did not fully pay off the partner's outstanding debt, but rather it perpetuated the bank's loss by requiring BOG to commit to the disbursement of an additional $300,000 to finally have the renovations that it bargained for in the partners' loan . To have actually returned the stolen funds as envisioned by the Application Note the defendant and his partners would have had to pay to BOG an <u>additional</u> $300,000 beyond the amount that was actually paid.

RESPECTFULLY SUBMITTED this 19th day of October, 2005.

NOEL L. HILLMAN
Chief, Public Integrity Section
Department of Justice

RUSSELL C. STODDARD
First Assistant U.S. Attorney
Districts of Guam and NMI

By: /s/ JEFFREY J. STRAND
Assistant U.S. Attorney

---

[1] The Application Note is also inapplicable on the technical ground that the bank discovered the fraud prior to making the take out loan to David and Willy Flores. (Leon Guerrero Tr. p.34)

2

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I, GREGORY E. HELM, a Litigation Support Specialist with the Office of the United |
| 3 | States Attorney for the Districts of Guam and NMI, hereby certify that on the 19th day of October, |
| 4 | 2005, I caused to be served by hand delivery and/or facsimile, an unfiled copy of the |
| 5 | Government's Supplemental Response to the Presentence Investigation Report to the party |
| 6 | identified below at the address listed: |

MICHAEL GREEN
c/o DAVID LUJAN
Suite 300, PDN Building
238 Archbishop Flores Street
Hagatna, Guam 96910

*/s/ Gregory E. Helm*
GREGORY E. HELM
Litigation Support Specialist