MICHAEL JAY GREEN, ESQ.
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

DAVID LUJAN, ESQ.
Lujan, Aguigui & Perez, LLP
3rd Floor, Pacific News Building
238 Archbishop Flores Street, Suite 301
Hagatna, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297



FILED
DISTRICT COURT OF GUAM
OCT 19 2005
MARY L.M. MORAN
CLERK OF COURT

Attorneys for Defendant
GIL A. SHINOHARA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 03-00047-01 |
| | ) | |
| Plaintiff, | ) | DEFENDANT SHINOHARA'S |
| | ) | SUPPLEMENTAL SENTENCING |
| v. | ) | STATEMENT; CERTIFICATE OF |
| | ) | SERVICE |
| GIL A. SHINOHARA, a/k/a | ) | |
| GIL SHINOHARA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT SHINOHARA'S
### SUPPLEMENTAL SENTENCING STATEMENT

Defendant Shinohara, by undersigned counsel, hereby supplements his

sentencing statement as follows:

**I.   DEFENDANT SHINOHARA'S TOTAL OFFENSE LEVEL SHOULD BE 8, RATHER THAN 24, AS CALCULATED IN THE PRESENTENCE REPORT**

The final presentence report, paragraphs 98-104, calculates defendant Shinohara's offense level for the Count Three money laundering conspiracy as 24. The final presentence report, paragraphs 91-97 calculates the defendant's offense level for the Count Two bank fraud conspiracy as 22. Since these offenses are of the same general type under U.S.S.G. 3D1.3(b), the report, paragraphs 105-107, uses the offense level for the money laundering conspiracy as the defendant's total offense level, since it is higher.

For the reasons set forth in defendant Shinohara's Sentencing Statement filed September 16, 2005 and as supplemented herein, defendant Shinohara respectfully objects to these calculations. As explained below, defendant Shinohara respectfully submits that his offense level for the Count Three money laundering conspiracy should be 8 and the offense level for the Count Two bank fraud conspiracy should be 6, resulting in a total offense level of 8.

**A.   Count Three's Money Laundering Conspiracy Offense Level Must Be Determined By U.S.S.G. 2S1.1(a)(1) Rather Than U.S.S.G. 2S1.1(a)(2), As Was Done In The Presentence Report**

Relying on U.S.S.G. 2S1.1(a)(2), the presentence report, paragraphs 98-104, calculates the Count Three money laundering conspiracy offense level as 24, as

Case 1:03-cr-00047    Document 222    Filed 10/19/2005    Page 2 of 14

follows:

| | |
|---|---|
| Base offense level (U.S.S.G. 2S1.1(a)(2)): | 8 |
| $300,000 loss (U.S.S.G. 2S1.1(a)(2), 2B1.1(b)(1)(G)): | 12 |
| Supervisor Role in Offense (U.S.S.G. 3B1.1( c)): | 2 |
| Conviction under 18 U.S.C. 1956 (U.S.S.G. 2S1.1(b)(2)(B)): | 2 |
| Adjusted Offense Level | 24 |

Defendant Shinohara objects to this calculation on the ground that the offense level must be determined by reference to 2S1.1(a)(1) rather than 2S1.1(a)(2). U.S.S.G. 2S1.1(a)(1) provides that the base offense level is the offense level for the underlying specified unlawful activity where, as here, the defendant has been convicted of relevant underlying unlawful activity and the offense level for the underlying activity can be determined. U.S.S.G. 2S1.1(a)(2) only applies where 2S1.1(a)(1) does not. Thus, since U.S.S.G. 2S.1.1(a)(1) does apply here, it must be used.

**B. Applying U.S.S.G. 2S1.1(a)(1), Defendant Shinohara's Offense Level For Count Three Is 8, Rather Than 24 As Calculated In The Presentence Report**

Under U.S.S.G. 2S1.1(a)(1), the defendant's base offense level is the offense level for Count Two, the bank fraud conspiracy. However, the applicability of any Chapter Three enhancements must be determined by reference

3

to the money laundering conspiracy, not the bank fraud conspiracy. U.S.S.G. 2S1.1, Application Note 2( C). Applying this analysis, defendant Shinohara respectfully submits that his Count Three money laundering conspiracy offense level should be 8.

1. **2-Level Abuse of Position of Public Trust Enhancement Is Inapplicable To The Count Three Money Laundering Conspiracy**

The presentence report does not apply the abuse of position of public trust enhancement to the money laundering conspiracy offense level calculation under U.S.S.G. 2S1.1(a)(2). Accordingly, since the applicability of Chapter 3 enhancements under 2S1.1(a)(1) must be determined by reference to the money laundering conspiracy and not the bank fraud conspiracy, the enhancement is equally inapplicable under 2S1.1(a)(1).

2. **Objection To 2-Level Supervisor Role In The Offense Enhancement**

For the reasons set forth in defendant Shinohara's September 16, 2005 sentencing statement, p.2-5, Shinohara objects to the presentence report's 2-level increase in his money laundering and bank fraud conspiracy offense levels for his role as an alleged supervisor. Flores testified that he, Shinohara, Goto and Kim were partners with equal votes who made joint decisions. There was no evidence

4

that Shinohara supervised any subordinates.

Defendant Shinohara further notes that paragraph 102 of the final presentence report applies this 2-level upward adjustment in the money laundering conspiracy offense level on the ground that defendant Shinohara was a supervisor in the "criminal scheme to defraud the Bank of Guam." Even if this finding were supported by the evidence —which it is not— this would be insufficient to support the applicability of the enhancement to the Count Three money laundering conspiracy. Under U.S.S.G. 2S1.1, Application Note 2( C), the relevant inquiry is not whether the defendant was a supervisor in a scheme to defraud the Bank of Guam but whether he was a supervisor in a conspiracy to commit money laundering. Accordingly, the presentence report's increase in the money laundering conspiracy offense level on the ground that he was a supervisor in the bank fraud conspiracy is legally flawed and must be stricken.

Defendant Shinohara further objects to paragraph 84 of the final presentence report, which states that Shinohara "direct[ed] Flores as to who to make disbursement checks payable in order to conceal the fraudulent disbursements." Defendant Shinohara notes that the above-quoted statement was not included in the draft presentence report. It was added for the first time in the final presentence report. Defendant Shinohara objects to this statement on the

5

ground that it is unsupported by the evidence.

As explained more fully in defendant Shinohara's September 16, 2005 Sentencing Statement, p.3-5, Flores testified that the funds were disbursed pursuant to mutual agreement between Flores and Shinohara, not at Shinohara's direction. Moreover, the funds were deposited into and disbursed from a Flores bank account over which Shinohara had no control. Thus, Flores, not Shinohara, actually controlled the money. Further, Shinohara received cashier's checks made payable to himself and one check payable to his fiancee, with whom he has had an eight year relationship. Takahisha Goto received a check made payable to himself. In addition, there was no evidence that Shinohara had any input in the disbursements made to Rex International or to or for the benefit of Flores. Thus, the notion that Shinohara directed payments to payees for the purpose of concealing disbursements and was thereby a supervisor is simply unsupported by the evidence and should be stricken from the presentence report.

Accordingly, for the reasons set forth above and in defendant Shinohara's September 16, 2005 Sentencing Statement, p.2-5, defendant Shinohara submits that the 2-level upward adjustment for his role as a supervisor in the Count Three money laundering conspiracy is unwarranted and must be stricken.

6

### 3. Objection to $300,000 Loss Calculation

As stated, pursuant to U.S.S.G. 2S1.1(a)(1), the defendant's base offense level for the Count Three money laundering conspiracy is the offense level for the Count Two bank fraud conspiracy.

The presentence report, paragraphs 81-82, 92, 99, increases the defendant's offense level for the bank fraud and money laundering conspiracies by 12 levels based on a $300,000 loss.

Defendant Shinohara respectfully objects to this loss calculation pursuant to U.S.S.G. 2B1.1, Application Note 3(E)(i), which provides:

> (E) Credits Against Loss.–Loss shall be reduced by the following:
>
> (i) The money returned . . . by the defendant or other persons acting jointly with the defendant, to the victim before the offense was detected.

In this case, the $300,000 that the Bank of Guam loaned to Shinohara, Flores, Goto and Kim was repaid to the Bank of Guam before the detection of any offense. This loan was repaid with proceeds of a subsequent loan that the Bank of Guam made to David Flores and William Flores, who purchased Pedro's Plaza from Shinohara, Flores, Goto and Kim (see D-134, October 4, 1999 commitment letter and April 25, 2005 testimony of Mike Naholowaa, p.75). Accordingly, since

7

the funds at issue were repaid to the Bank of Guam before any offense was detected, defendant Shinohara objects to the 12-level increase in his offense levels, and requests that they be stricken.[1]

### 4. Application of U.S.S.G. 2S1.1(b)(2)(B)

Pursuant to U.S.S.G. 2S1.1(b)(2)(B), the presentence report, paragraph 100, includes a two-level increase in the defendant's offense level for the Count Three money laundering conspiracy because the defendant was convicted under 18 U.S.C. 1956. Defendant Shinohara does not object to this increase.

### 5. Defendant Shinohara's Offense Level for the Count Three Money Laundering Conspiracy Is Eight

Based on the foregoing, Shinohara's offense level for the Count Three money laundering offense as determined pursuant to 2S1.1(a)(1), is as follows:

Base offense level (U.S.S.G. 2B1.1):                     6

Specific Offense Characteristics:

    Per U.S.S.G. 2B1.1
        Application Note 3(E)(i)                      0

    Per U.S.S.G. 2S1.1(b)(2)(B)                      2

Chapter Three Enhancements:                              0

---

[1]David Flores and William Flores subsequently defaulted on the loan that they received from the Bank of Guam. However, defendant Shinohara was not a participant in that activity and therefore should not be held accountable for any loss resulting therefrom.

(Determined by reference to
Count Three, Not Count Two)
Adjusted Offense Level                                    8

## C.    Defendant's Offense Level For The Count Two Bank Fraud Conspiracy Should Be 6, Rather Than 22, As Calculated In The Presentence Report

The presentence report, paragraphs 91-97, calculates the Count Two bank

fraud conspiracy offense level as 22, as follows:

Base offense level (U.S.S.G. 2B1.1):                      6

Specific offense characteristics:

    $300,000 loss (U.S.S.G. 2B1.1(b)(1)(G):           12

Chapter Three Enhancements:

    Supervisor Role In Offense (U.S.S.G. 3B1.1( c):    2

    Abuse of Position of Public Trust (U.S.S.G. 3B1.3):  2
Adjusted Offense Level                                     22

Defendant Shinohara respectfully submits that his offense level for the

Count Two bank fraud conspiracy should be 6, not 22.

### 1.    Objection To $300,000 Loss Calculation

As explained in Section B.3 above, defendant Shinohara objects to the

$300,000 loss calculation pursuant to U.S.S.G. 2B1.1, Application Note 3(E)(i),

on the ground that the money was returned before any offense was detected.

9

## 2.   Objection To 2-Level Increase For Supervisor Role In Count Two Bank Fraud Conspiracy

For the reasons set forth in defendant Shinohara's September 16, 2005 Sentencing Statement, p.2-5, defendant Shinohara objects to paragraphs 84 and 94 of the final presentence report, which provide for a 2-level increase in the defendant's Count Two bank fraud conspiracy offense level for his alleged supervisory role in the offense.

As explained more fully in defendant Shinohara's sentencing statement, p.3-5, Flores' testimony was that Flores, Shinohara, Goto and Kim were partners with equal votes who jointly decided not to use the $300,000 for renovations and repairs and who jointly agreed to sign the May 27, 1998 letter to the Bank of Guam requesting the $300,000. This is evidence of an equal partnership. There were no subordinates for Shinohara to supervise. Accordingly, the 2-level increase for Shinohara's alleged supervisory role in the bank fraud conspiracy is unsupported by evidence or law and should be stricken.

## 3.   Objection to 2-Level Abuse of Position of Public Trust Enhancement To Bank Fraud Conspiracy Offense Level Calculation

For the reasons set forth in defendant Shinohara's September 16, 2005 Sentencing Statement, p.6-7, defendant Shinohara objects to paragraphs 85 and 95

10

of the final presentence report, which provide for a 2-level increase in defendant

Shinohara's bank fraud conspiracy offense level for abuse of position of public

trust. Defendant Shinohara respectfully submits that this enhancement is

unsupported by the evidence or the law and should be deleted from the

defendant's bank fraud conspiracy offense level.

The final presentence report, paragraph 85, concludes that the abuse of

position of trust enhancement is applicable on the ground that defendant

Shinohara's "political stature resulted in the trust by the bank that the defendant

and the partners in the Pedro's Plaza renovation project would in fact renovate the

building as directed with the $300,000 rather than use the money for personal

financial gain." This statement was not included in the draft presentence report. It

was inserted for the first time in the final presentence report. Defendant Shinohara

objects to this statement on the ground that it is wholly unsupported by the

evidence.

4.      **Defendant Shinohara's Offense Level for the Count Two
        Bank Fraud Conspiracy Is Six**

Based on Sections C.1-3 above, Shinohara's offense level for the Count

Two bank fraud conspiracy is as follows:

Base offense level (U.S.S.G. 2B1.1):                    6

11

| | |
|---|---|
| Specific Offense Characteristics: | 0 |
| Chapter Three Enhancements: | 0 |
| Adjusted Offense Level | 6 |

### D. Shinohara's Total Offense Level Is 8, Rather Than 24, As Calculated In The Presentence Report

As noted in the presentence report, paragraph 105, pursuant to U.S.S.G. 3D1.3(b), when the Counts involve offenses of the same general type to which different guidelines apply, then the guideline that produces the highest offense level shall apply. Here, the highest offense level is derived from Count Three, the money laundering conspiracy, which carries a total offense level of 8.

## II. ADDITIONAL SENTENCING FACTORS

In imposing sentence, defendant Shinohara asks the Court to take the following into consideration:

1. Defendant Shinohara is a devoted father to his six year old son, Alex, who would suffer a hardship as a result of the defendant's incarceration.

12

2.    Defendant Shinohara has already suffered several heart attacks and a

stroke. In addition, he has recently been diagnosed with sleep apnea

and will be required to wear an oxygen tank.

Defendant Shinohara respectfully asks this Court for whatever mercy the

Court deems appropriate under the circumstances.

DATED: October 19, 2005.

Respectfully submitted,

MICHAEL JAY GREEN

DAVID J. LUJAN

Attorneys for Defendant
GIL SHINOHARA

13

2.   Defendant Shinohara has already suffered several heart attacks and a

stroke.  In addition, he has recently been diagnosed with sleep apnea

and will be required to wear an oxygen tank.

Defendant Shinohara respectfully asks this Court for whatever mercy the

Court deems appropriate under the circumstances.

DATED: October 19, 2005.

Respectfully submitted,

MICHAEL JAY GREEN

DAVID J. LUJAN

Attorneys for Defendant
GIL SHINOHARA

13