MICHAEL JAY GREEN, ESQ.
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347

DAVID LUJAN, ESQ.
Lujan, Aguigui & Perez, LLP
3rd Floor, Pacific News Building
238 Archbishop Flores Street, Suite 301
Hagatna, Guam 96910
Telephone: (671) 477-8064
Facsimile: (671) 477-5297

Attorneys for Defendant
GIL A. SHINOHARA

FILED
DISTRICT COURT OF GUAM
OCT 24 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. 03-00047-01 |
| | ) | |
| Plaintiff, | ) | DEFENDANT SHINOHARA'S |
| | ) | MOTION FOR RELEASE ON |
| v. | ) | BOND PENDING APPEAL; |
| | ) | MEMORANDUM IN SUPPORT; |
| GIL A. SHINOHARA, a/k/a | ) | CERTIFICATE OF SERVICE |
| GIL SHINOHARA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SHINOHARA'S MOTION FOR RELEASE ON BOND PENDING APPEAL

Defendant Shinohara, by undersigned counsel, hereby moves this Honorable

Court for an order continuing his release on bond pending appeal. This motion is

made pursuant to 18 U.S.C. 3143(b), the attached memorandum in support, and the records and files in this case.

DATED: October 24, 2005.

Respectfully submitted,

_____
DAVID J. LUJAN
MICHAEL JAY GREEN

Attorneys for Defendant
GIL A. SHINOHARA

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR. No. 03-00047-01 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| | ) | OF DEFENDANT SHINOHARA'S |
| v. | ) | MOTION FOR RELEASE ON |
| | ) | BOND PENDING APPEAL |
| GIL A. SHINOHARA, a/k/a | ) | |
| GIL SHINOHARA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT SHINOHARA'S MOTION FOR RELEASE ON BOND PENDING APPEAL

Defendant Shinohara, by undersigned counsel, respectfully submits this memorandum in support of his motion for release on bond pending appeal pursuant to 18 U.S.C. 3143(b).

### I. SUMMARY OF ARGUMENT

As demonstrated below, defendant Shinohara should be granted release on bond pending appeal because he is not a flight risk or a danger, and he has at least two substantial questions on appeal, as follows: (1) whether the evidence was sufficient to sustain the jury's guilty verdicts against defendant Shinohara; and (2) whether the district court abused its discretion by precluding defendant Shinohara, pursuant to Fed.R.Evid. 403, from asking key government witness/informant

William Flores material questions concerning his motive to cooperate with the government and testify against defendant Shinohara.

In addition, if the court sentences defendant Shinohara to a term of imprisonment exceeding six months, substantial sentencing issues will be raised, as follows: (1) whether the defendant was a supervisor in the money laundering and/or bank fraud conspiracies under United States Sentencing Guidelines (U.S.S.G.) 3B1.1; (2) whether the defendant abused his position of public trust as a Government of Guam official in a manner that significantly facilitated the commission of the bank fraud conspiracy under U.S.S.G. 3B1.3; and (3) whether the Bank of Guam suffered any loss where the loan at issue was repaid when the property was sold (see U.S.S.G. 2B1.1, Application Note 3(E)(i)). If the court imposes sentence based on any of these factors and this is reversed on appeal, defendant Shinohara would have no remedy for the longer loss of liberty that would result if he is not granted release on bond pending appeal.

## II.  APPLICABLE LEGAL STANDARD

18 U.S.C. 3143(b) controls cases in which the defendant has been sentenced to imprisonment, appeals his conviction, and moves for release on conditions pending appeal. In the event that the Court sentences defendant Shinohara to a term of imprisonment and Shinohara appeals, he hereby moves for release on bond

2

pending appeal.

18 U.S.C. 3143(b) imposes upon the defendant the burden of making a four-part showing, as follows:

1. That the defendant is not likely to flee or pose a danger to the safety of any other person or the community;

2. That the appeal is not for the purpose of delay;

3. That the appeal raises a substantial question of law or fact; and

4. That if that substantial question is determined favorably to the defendant on appeal, the decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. United States v. Handy, 761 F.2d 1279 (9th Cir. 1985).

The Ninth Circuit has interpreted the "substantial question" language used in 18 U.S.C. 3143(b) to mean an issue that is "fairly debatable." Handy, 761 F.2d at 1283. "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." Id. (Quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985).

## III. DEFENDANT SHINOHARA IS NOT A FLIGHT RISK OR A DANGER

Defendant Shinohara has been released on conditions since February 2004.

3

Since that time, he has been fully compliant with all of his conditions of release.

Defendant Shinohara has no history of violence.

Defendant Shinohara has extensive ties to the community. He was born and raised in Guam. He resides with his fiancee and their six year old son. His mother and four of his siblings reside in Guam. There has never been any indication that defendant Shinohara is a flight risk.

After the jury returned its guilty verdicts in this case, the court permitted the defendant to remain released on bond pending sentencing. Thus, under 18 U.S.C. 3143, the court found, by clear and convincing evidence, that the defendant is not a flight risk or a danger. Nothing has occurred to warrant a change in this finding.

## IV. THE APPEAL IS NOT FOR PURPOSES OF DELAY

The appeal that defendant Shinohara intends to file in this case is not for purposes of delay. Rather, the appeal will present the issues set forth below, which are, at minimum, "fairly debatable" and "not frivolous," thereby warranting release on bond pending appeal.

## V. DEFENDANT SHINOHARA WILL PRESENT THE FOLLOWING "FAIRLY DEBATABLE" QUESTIONS ON APPEAL WHICH, IF RESOLVED FAVORABLY TO THE DEFENDANT, WILL RESULT IN REVERSAL, AN ORDER FOR A NEW TRIAL, OR A REMAND FOR RESENTENCING

### A. WHETHER THE EVIDENCE WAS SUFFICIENT TO

4

## SUSTAIN THE JURY'S GUILTY VERDICTS AGAINST DEFENDANT SHINOHARA

### 1. Insufficiency Of Evidence As To Count Two: The Bank Fraud Conspiracy

On appeal, defendant Shinohara intends to argue that the evidence was insufficient to support the jury's guilty verdict on the Count Two bank fraud conspiracy. The conspiracy to commit bank fraud charged in Count Two requires that the defendant, <u>inter alia</u>, participated in an illegal agreement to obtain money from the Bank of Guam by making a material false statement; that is, a statement that would reasonably influence the bank to part with money. <u>Neder v. United States</u>, 527 U.S. 1, 25 (1999); <u>United States v. Nash</u>, 115 F.3d 1431, 1436 (9th Cir. 1997); Ninth Circuit Model Criminal Jury Instruction 8.106.

Defendant Shinohara respectfully submits that the evidence is insufficient to prove that he participated in such a conspiracy. The only statement to which defendant Shinohara has been connected is trial exhibit D-89, the letter dated May 27, 1988, signed by Shinohara, Flores, Goto and Kim, requesting to draw down the $300,000 loan that the bank had previously approved without imposing any restrictions on the use of the loan proceeds. In this letter, the defendant and the others stated that the money was to be used to facilitate the commencement of renovations and repairs at Pedro's Plaza. In fact, the money was used for other

5

purposes. Defendant Shinohara respectfully submits that the evidence was insufficient to establish that this statement was material to the Bank of Guam's decision to disburse the loan proceeds. This statement did not reasonably influence the Bank of Guam to part with money because the statement was made after the bank had already agreed to make the loan, and the statement was not needed in order to execute this preexisting agreement.

Specifically, the evidence at trial established as follows. When the Bank of Guam agreed to loan Shinohara and the others the $300,000, the Bank of Guam did not require that the funds be used for renovations and repairs. The term loan agreement pursuant to which the Bank of Guam disbursed the $300,000 to Shinohara and the others did not restrict the use of the funds in any way (see trial exhibit G-623; M.N. Tr. 57-59).[1] Bank of Guam Vice President Mike Naholowaa testified that it was a personal loan, not a construction loan (M.N. Tr. 59).

From the time the loan was funded in 1998 until the time that Shinohara and the others sold Pedro's Plaza to David and William Flores in 1999, the Bank of Guam never inspected the site or took any action to verify whether the funds actually were used for renovations and repairs (M.N. Tr., p.10, 14, 37).

---

[1] Citations to "M.N. Tr." are to the transcript of the trial testimony of Bank of Guam Vice President Mike Naholowaa.

6

By the time the property was sold to David and William Flores in 1999, the Bank of Guam was aware that Shinohara and the others had not used the $300,000 for renovations and repairs (see trial exhibit D-134A). However, the Bank of Guam took no action whatsoever (M.N. Tr. 15). Notably, the Bank of Guam never filed any suspicious activity reports with the IRS (see trial exhibits D-285-287), or took any other action against Shinohara or the others in relation to this matter. Despite its knowledge that the funds were not used for renovations and repairs, the Bank of Guam never asserted that it was defrauded. Naholowaa testified that from 1998 through 2003, he never had any discussions with any Bank of Guam officials regarding potential bank fraud in relation to this loan (M.N. Tr., p.27). Naholowaa testified that he never heard any allegation of bank fraud in relation to this matter until 2003, when the allegation was made by the government (M.N. Tr., p.26-27).

Based on the foregoing, defendant Shinohara respectfully submits that the evidence is insufficient to establish that he conspired to obtain money from the Bank of Guam by means of a material false statement, and therefore that his conviction on Count Two will be reversed on appeal.

2. **Insufficiency Of Evidence As To Count Three: The Money Laundering Conspiracy**

In Count Three, defendant Shinohara was found guilty of conspiring to

launder bank fraud proceeds, knowing that the funds were the proceeds of unlawful activity, in violation of 18 U.S.C. 1956(h). As explained above, the evidence is insufficient to establish that the funds were obtained from the Bank of Guam by means of a material false statement. Thus, the evidence is insufficient to establish that the funds at issue were bank fraud proceeds or that defendant Shinohara knew that these funds were the proceeds of unlawful activity. Notably, the defendant was not convicted on the substantive bank fraud offense charged in Count One.

Accordingly, since the evidence is insufficient to establish that the funds at issue were bank fraud proceeds, it follows that the evidence is insufficient to establish that the defendant conspired to launder any bank fraud proceeds.

### B. WHETHER THE COURT ABUSED ITS DISCRETION IN LIMITING THE CROSS-EXAMINATION OF WILLIAM FLORES PURSUANT TO FED.R.EVID. 403

Government informant William Flores was the key witness against defendant Shinohara. Flores' credibility, or lack thereof, was critical to this case. At trial, defendant Shinohara sought to cross examine Flores concerning: (1) Flores' claim that the government had breached its agreement with Flores; and (2) Flores' intent to assert his Fifth Amendment privilege and refuse to testify against Shinohara. The court precluded defendant Shinohara from cross examining Flores

8

on these issues pursuant to Fed.R.Evid. 403, reasoning that the probative value was substantially outweighed by the dangers of confusion of the issues and waste of time. Defendant Shinohara respectfully submits that this ruling was an abuse of discretion.

The questions Shinohara was precluded from asking were not confusing or time consuming. These questions went directly to Flores' motive to testify, and therefore were material to Flores' credibility. Since Flores' credibility, or lack thereof, was critical to the government's case against Shinohara, Shinohara respectfully submits that he was unfairly prejudiced by being precluded from this line of questioning.

### C. **SENTENCING ISSUES**

For the reasons set forth in defendant Shinohara's Sentencing Statement and Supplemental Sentencing Statement,[2] defendant Shinohara respectfully submits that his offense level under the United States Sentencing Guidelines should be 8, which carries a guideline range of 0-6 months. If the court sentences defendant Shinohara based on a higher offense level, then substantial sentencing issues will also be raised on appeal. Depending on the sentence imposed, the potential

---

[2] Defendant Shinohara's Sentencing Statement and Supplemental Sentencing Statement are incorporated herein by reference.

9

substantial questions on appeal are as follows: (1) whether the defendant was a supervisor in the bank fraud and/or money laundering conspiracies (U.S.S.G. 3B1.1); (2) whether the defendant abused his position of public trust as a Government of Guam official in a manner that significantly facilitated the bank fraud conspiracy (U.S.S.G. 3B1.3); and (3) whether there was any loss to the Bank of Guam where the loan at issue was repaid when the property was sold (U.S.S.G. 2B1.1, Application Note 3(E)(i)).

If the district court sentences defendant Shinohara to a term of imprisonment exceeding six months and this sentence is reversed on appeal, defendant Shinohara will have no remedy for the longer loss of liberty that would result if he is not granted release on bond pending appeal.

## VI. CONCLUSION

Defendant Shinohara respectfully submits that the issues he intends to raise on appeal are, at minimum, "fairly debatable" and "not frivolous" within the meaning of Handy, supra. Defendant Shinohara further respectfully submits that he is not a flight risk or a danger. Accordingly, pursuant to 18 U.S.C. 3143(b), defendant Shinohara respectfully asks this Court to be granted release on bond pending appeal.

DATED: October 24, 2005.

Respectfully submitted,

DAVID J. LUJAN
MICHAEL JAY GREEN
Attorneys for Defendant
GIL A. SHINOHARA