Shinohara.ReleaseRSP

NOEL L. HILLMAN
Chief, Public Integrity Section
Department of Justice
RUSSELL C. STODDARD
First Assistant U.S. Attorney
JEFFREY J. STRAND
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
OCT 25 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GIL A. SHINOHARA <br> a/k/a GIL SHINOHARA, <br><br> Defendant. | CRIMINAL CASE NO. 03-00047 <br><br> **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE ON BOND PENDING APPEAL** |

COMES NOW the United States of America, by and through undersigned counsel, and for its response to Defendant Shinohara's Motion for Release on Bond Pending Appeal states as follows:

I. <u>INTRODUCTION</u>.

In order for the defendant to released pending appeal the Court must find that: 1) he is not a flight risk or a danger to the community; and 2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence which does not include imprisonment.

The government does not contest that the defendant's current conditions of release will insure his appearance at future proceedings and it has no evidence that he presents a danger to

others. The government does object to defendant's release pending appeal on the basis that the questions of law and fact raised in his motion are not "fairly debatable" or "fairly doubtful" as the term substantial has been defined by the Ninth Circuit or are not likely to obtain a favorable result for him. United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985).

II. **INSUFFICIENCY OF THE EVIDENCE..**

The defendant's assertion of insufficient evidence regarding the bank fraud and money laundering conspiracies does not raise a fairly debatable or fairly doubtful question. As the Supreme Court has stated in this regard:

> ...[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 319 (1979) (italics in original). And a defendant does not clear this hurdle by citing only certain evidence and drawing favorable conclusions:

> Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

Id. (Italics in original). There is not time to recount the evidence supporting the jury verdict, but this Court has heard all of the evidence. The government submits that if it had so failed the Jackson test that a substantial question as to the sufficiency of the evidence was present, this matter would have already concluded via Rule 29.

III. **ABUSE OF DISCRETION REGARDING CROSS-EXAMINATION.**

In like manner, the defendant fails to present a fairly debatable question regarding the Court's limitation on his cross-examination of government witness Willy Flores. The Supreme Court has explained that "'trial judges retain wide latitude' to limit reasonably a criminal defendant's right to cross-examine a witness "based on concerns about, among other things,

2

harassment, prejudice, <u>confusion of the issues</u>, the witness' safety, or interrogation that is repetitive or <u>only marginally relevant</u>." <u>Michigan v. Lucas</u> 500 U.S. 145, 149 (1991), <u>quoting</u>, <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679 (1986) (emphasis added). In this matter the Court was extremely accommodating to the defense in its cross- examination of Flores. The only matters that were place off-limits had to do with what might or might not have been said by Flores or his lawyer about Flores not pleading guilty and exercising his Fifth Amendment rights or what might have been said by government counsel regarding Flores' truthfulness at the first trial. The Court limited the cross-examination on the basis of confusion of the issues, minimal relevance and a denial by government counsel of having accused Flores of not being truthful. The Court left open the question of whether to allow questioning of Flores about whether he thought the government had violated his plea agreement. (Flores Tr. pp.31-43). The defendant has failed to show how the Court's rulings are doubtful or debatable.

IV. <u>SENTENCING ISSUES</u>.

The government has reviewed in another filing the evidence establishing the sentencing factors which defendant claims as significant questions. It is difficult to see how these matters would ever present a significant question allowing release pending appeal given that the sentencing guidelines are now only advisory and the Court's findings need only be based on a preponderance of the evidence.

//
//
//
//
//
//
//
//

3

## V. CONCLUSION.

The government respectfully requests that the defendant, in the event that a sentence of imprisonment is imposed, be taken into custody and not be released pending appeal.

RESPECTFULLY SUBMITTED this 25th day of October, 2005.

NOEL L. HILLMAN
Chief, Public Integrity Section
Department of Justice

RUSSELL C. STODDARD
First Assistant U.S. Attorney
Districts of Guam and NMI

By: *[signature]*
JEFFREY J. STRAND
Assistant U.S. Attorney