FILED
DISTRICT COURT OF GUAM
NOV - 1 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 03-00047 |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RELEASE ON BOND PENDING APPEAL** |
| GIL A. SHINOHARA, aka GIL SHINOHARA, | |
| Defendant. | |

After sentencing, defendant Gil A. Shinohara, also known as Gil Shinohara, requests release on bond pending appeal. The motion is **DENIED,** for the reasons below.

### STATEMENT

On or about September 17, 2004, the government filed a fourth superseding indictment against defendant, with 16 counts. Thereafter, on motion by defendant, the Court severed the 16 counts resulting in two trials. Counts 11 through 16 were tried in January 2005 and the jury returned verdicts of not guilty on all counts.

The remaining ten counts: Bank Fraud (Count 1), Bank-Fraud Conspiracy (Count 2), Money-Laundering Conspiracy (Count 3), Money Laundering (Counts 4, 5, 6, 8, 9 and 10) and

Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (Count 7) were tried in April 2005. On May 3, 2005, the jury returned a mixed verdict. The jury found defendant guilty of Counts 2 and 3, bank-fraud conspiracy and money-laundering conspiracy and acquitted defendant of the remaining charges. Thereafter, on October 27, 2005, the Court sentenced defendant to 32 months imprisonment. With a self-surrender date of January 13, 2006, defendant now moves the Court to release him pending appeal.

## ANALYSIS

Release pending appeal by a defendant is governed by 18 U.S.C.§ 3143(b), which in pertinent part provides:

> (1) . . . the judicial officer shall order that a person who has been found guilty of an offense and who has been found guilty of an offense and sentenced to a term of imprisonment, . . . be detained, unless the judicial officer finds by
>
> > (A) clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or ( c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in —
> >
> > > (i) reversal,
> > >
> > > (ii) an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment, or
> > >
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

2

18 U.S.C. § 3143(b)(1) (emphasis added).

Defendant submits that by clear and convincing evidence he is not likely to flee or pose a danger to the safety of any other person or the community. The Court agrees. Defendant is a lifelong resident of Guam, has extensive ties to the community, and has no prior criminal convictions. Additionally he has proven that he can and will comply with conditions of release imposed by this Court. As an example, after the jury returned the verdicts of guilty, defendant has abided by the conditions of release on bond pending sentencing without problem. Therefore, Section 3143(b)(1)(A) is satisfied.

1. **INSUFFICIENCY OF EVIDENCE.**

However, the next issue the Court must consider is whether the appeal is for the purpose of delay and will raise "fairly debatable" questions, which if resolved favorably to him, will result in a reversal, an order for a new trial, or a remand for resentencing. *See United States v. Handy*, 761 f.2d 1279, 1283 (9th Cir. 1985) (The "substantial question" language used in 18 U.S.C. § 3143(b) is to be interpreted to mean an issue that is "fairly debatable").

Defendant claims there was insufficient evidence at trial to support the jury's guilty verdict as to the count of bank-fraud conspiracy. The conspiracy to commit bank fraud charged requires that defendant participated in an illegal agreement to obtain money from the Bank of Guam by making a material false statement; that is, a statement that would reasonably influence the bank to part with money. *United States v. Nash*, 115 F.3d 1431, 1436 (9th Cir. 1997).

Defendant submits that the evidence was insufficient to prove that he participated in such a conspiracy. Defendant claims that the only statement he made with respect to the draw down of a $300,000 loan was in a letter to the bank. In this letter, defendant and others stated that the money was to be used to facilitate the commencement of renovations and repairs at Pedro's Plaza, the bank's collateral. However, defendant claims that statement did not reasonably influence the Bank of Guam to part with the money because

3

the bank had already agreed to make the loan, and the statement was not needed in order to execute this preexisting agreement.

Additionally, defendant claims that the bank agreed to lend defendant and others $300,000 without requiring the renovations and repairs to be made. In fact, the bank never inspected the site or took any action to verify whether the funds were actually used for the repairs. However, while it may be that the bank was remiss in not inspecting the premises, there was sufficient evidence that the bank was led to believe that the renovations and repairs would be made using the $300,000 and that defendant and the others knowingly diverted the money for other purposes. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (italics in original) ( . . . "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

Here, there was plainly sufficient evidence for a reasonable jury to find defendant guilty. Accordingly, the Court finds that defendant has failed to raise a fairly debatable question as required under 18 U.S.C. § 3143(b)(1)(B).

Defendant next asserts that there was insufficient evidence for the jury to have found defendant guilty of the money-laundering conspiracy charge. Defendant claims because there was no evidence to find defendant guilty of the bank-fraud conspiracy he cannot be found guilty of the money-laundering count as to any bank fraud proceeds. However, for the reason that there was sufficient evidence to find the defendant guilty of bank-fraud conspiracy, there is likewise evidence to find the parties conspired to launder proceeds of a bank fraud. Again, defendant has failed to raise a fairly debatable question and granting the relief sought is unwarranted.

2. **ABUSE OF DISCRETION REGARDING CROSS-EXAMINATION.**

Defendant also argues that the Court erred and abused its discretion in limiting the cross-examination of government witness, William Flores ("Mr. Flores") pursuant to Federal Rules of Evidence 403. Defendant claims that Mr. Flores was the key witness

4

against him. Therefore, Mr. Flores' credibility was critical to the case. At trial, defendant's counsel sought to cross-examine Mr. Flores and Mr. Flores' claim that the government had breached its agreement with him and as a consequence Mr. Flores intended to assert his Fifth Amendment privilege and refuse to testify against defendant.

In fact, counsel cross-examined Mr. Flores at great length. The one subject as to which a limitation was placed was slight and well within Rule 403. "'[T]rial judges retain wide latitude'" to limit reasonably a criminal defendant's right to cross-examine a witness "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (citation omitted). In this instance, the Court allowed counsel to cross-examine Mr. Flores and to address the fact that he entered into a plea agreement. Although the Court limited examination, it did so after concluding the probative value was substantially outweighed by the dangers of the confusion of the issues and a waste of time. This is not "fairly debatable." Accordingly, the motion for release on this basis is denied.

3. **SENTENCING ISSUES.**

Lastly, defendant argues that if the Court sentences him to a higher offense level than 8, there will be substantial sentencing issues raised. Of particular concern is whether defendant should be subjected to an adjustment for being a supervisor and whether there should be a loss amount of $300,000 attributed to the Bank of Guam where the loan was repaid.[1] At sentencing, the Court found that defendant was one of the key players and was subject to an adjustment for the role of supervisor. Likewise, the Court found that the

---

[1] Defendant was also concerned that he would receive a two-level adjustment for an abuse of trust. However, the Court did not give an adjustment for an abuse of trust. Accordingly, the Court need not address that point herein.

5

activity engaged in by defendant caused the Bank of Guam a loss of $300,000. Because of these findings, defendant received a combined upward adjustment of 14 offense levels.[2]

The Court notes that defendant was facing a statutory maximum term of imprisonment of not more than 20 years and a sentencing guideline offense level of 24,[3] with an imprisonment range of 51 to 63 months. Here, after considering the statutory sentencing factors, the Court sentenced below the guideline range. The Court departed downward to 32 months. The Court does not find any significant question was raised as to its sentencing of defendant which will result in a remand for resentencing, particularly in light of the state of the law post *Booker*. "After *United States v. Booker*, ___ U.S. ___; 125 S.Ct. 738 (2005), district judges must calculate the Guidelines range as they did before — based on their own factual findings made by a preponderance of the evidence. The only difference is that the range they calculate is no longer mandatory."
*United States v. Argento*, 371 F.Supp.2d 1167, 1170 (C.D. Cal. 2005).

---

[2] The Court gave defendant an upward adjustment of 2 offense levels under U.S.S.G. §3B1.1(c) for his role in the offense, as a supervisor of a criminal activity. In addition, the Court gave defendant a 12-level adjustment under § 2B1.1(b)(1)(G) to reflect the loss to the Bank of Guam of $300,000. These were clearly correct.

[3] The Court also gave defendant a two-level adjustment pursuant to §3B1.1(c) because defendant was convicted of 18 U.S.C. § 1956.

6

## CONCLUSION

After carefully examining defendant's argument, the Court concludes that defendant has not raised a substantial question of law or fact that is likely to result in a reversal, new trial, or reduced sentence. Moreover, defendant has provided the court with no reasons, exceptional or otherwise, why he should be freed pending appeal. Accordingly, defendant's motion is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: November 1, 2005.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE