
AUG 01 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GIL A. SHINOHARA, Defendant, | CRIMINAL CASE NO. 03-00047 ANSWER OF THE GARNISHEE |
| GOVERNMENT OF GUAM RETIREMENT FUND, Garnishee. | |

ANSWER OF THE GARNISHEE

Paula Blas, BEING DULY SWORN DEPOSES AND SAYS:
(Affiant)

IF GARNISHEE IS AN INDIVIDUAL:

That he/she is Garnishee herein doing business in the name of ______________________________________________.

(State full name and address of business)

IF GARNISHEE IS A PARTNERSHIP:

That he/she is a member ______________________ of a partnership composed of which Garnishee is a partner.

//

ORIGINAL

IF GARNISHEE IS A CORPORATION:

That he/she is the (State Official Title) ______________________ of Garnishee, ______________________ a corporation, organized under the laws of the ______________________ ______________________.

IF GARNISHEE IS A GOVERNMENT ENTITY:

State name and address of agency, and name and official title of authorized representative: **Government of Guam Retirement Fund**
**c/o Ms. Paula Blas, Director**
**424 Route 8**
**Maite, Guam 96910**

1. On **July 18**, 2008, Garnishee was served with the Writ of Garnishment. For the pay period in effect on the date of service (shown above)

Yes No

___ _x_ Defendant was in my/our employ.

Pay period is weekly ___ , bi-weekly ___, semi-monthly ___, monthly ___.

The Defendant's present pay period began on ______________.

(Present means the pay period in which this order and notice of garnishment were served)

The Defendant's present pay period ends on ______________

Enter amount of net wages. Calculate below:

| | | |
|---|---|---|
| (a) Gross Pay | $__________ | |
| (b) Federal income tax | __________ | |
| (c) F.I.C.A. income tax | __________ | |
| (d) State/Local income tax | __________ | |
| Total of tax withholdings | $__________ | |
| Net Wages | $__________ | (a less total of b,c,d) |

//

//

| Yes | No | | |
|---|---|---|---|
| x | ___ | 2. | Are you aware of any other garnishments, suggestions or levies currently in effect. If the answers is yes, , please attach to this Answer a copy of each garnishment, suggestion or levy. |
| x | ___ | 3. | Do you or will you in the foreseeable future, owe the defendant money? If your answer is yes, please provide the amount of money you will owe, the date or dates on which each payment is due, and the reason why you owe or will owe the money to the Defendant: |

| Type of Payment | Amount | Date of Payment is Due |
|---|---|---|
| 1. Annual Pension Increment | $200.00 | October 10, 2008 |
| 2. COLA | Determined by Guam Legislature | Determined by Guam Legislature |
| 3. | | |

4. If you currently have in your custody, control or possession property (other than earnings) in the form of savings accounts, pensions, thrift plans, etc., in which the Defendant maintains an interest, for each item of property provide the following information:

| Description of Property | Approximate Value | Description of Debtor's Interest |
|---|---|---|
| 1. Retirement Benefits | $2,798.85 (Bimonthly Gross Pension Annuity) | Retirement Benefits |
| 2. | | |
| 3. | | |
| 4. | | |

//

//

//

//

5. For each item of property (other than earnings) which you expect to obtain custody or possession of in the forseeable future, provide the following information:

| Description of Property | Approximate Value | Description of Debtor's Interest | Date you will obtain property |
|---|---|---|---|
| 1. N/A | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

Yes No

x ___ 6. Do you make any claim of exemption on the part of Defendant? If yes, please explain the nature and basis of your claim:

In accordance with 4 GCA §8166, rights to retirement funds may not be attached by judicial proceeding except for Court ordered Child support Child support arrears, Court awarded Spousal benefits, and tax levies.

Yes No

x ___ 7. Do you have any objections to the garnishment of the Defendant? If yes, please explain the nature and basis of your objection:

As to any retirement funds held for the benefit of the Defendant, GGRF objects to garnishment of said funds in accrdance with 4 GCA §8166 above where garnishment is for one of the enumerated exceptions dealing with Court ordered Child support or Child support arrears or tax levies.

//

//

//

8. Check the line below if you deny that you hold property subject to this order of garnishment:

____ [The Garnishee was then in no manner and upon no account indebted or under liability to the Defendant, GIL A. SHINOHARA, and that the Garnishee did not have in his/her possession or control any property belonging to the Defendant, or in which the Garnishee has an interest; and is in no manner liable as Garnishee in this action.]

9. The Garnishee mailed a copy of this answer by first-class mail to (1) the Debtor, GIL A. SHINOHARA at : P.O. Box XXXXXX, Tamuning, Guam 96931 and (2) the attorney for the United States, Mikel W. Schwab, Assistant United States Attorney, U.S. Attorney's Office, Sirena Plaza, Suite 500, 108 Hernan Cortez Avenue, Hagåtña, Guam 96910.

GOVERNMENT OF GUAM RETIREMENT FUND
Garnishee

By: ______________________________

Paula M. Blas, Director

Government of Guam Retirement Fund 428

Route 8 Maite, Guam 96910 c/o Carlsmith Ball

Name/address/Phone Number of person preparing Answer

The foregoing instrument was acknowledged before me this 1st day of August, 2008.

______________________________
Notary Public

DAVINA A. SAYAMA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: May 22, 2010
# 5 Quirida Court Baza Gardens, Yona, Guam 96915

*Raymond T. Johnson II*
*Attorney-At-Law*
*388 S. Marine Drive, Suite 202*
*Tamuning, Guam 96911*
*Phone: 649-4631*
*Fax: 649-4632*

*Attorney for Plaintiff*

FILED
SUPERIOR COURT
OF GUAM

2003 FEB -3 AM 9:29

CLERK OF COURT
BY: ________

**IN THE SUPERIOR COURT OF GUAM**

ELIZABETH SANTOS SHINOHARA, [redacted]
Plaintiff,

vs.

GIL ANTHONY SHINOHARA, [redacted]
Defendant.

DOMESTIC CASE NO. **DM0650-00**

**SUPPLEMENTAL ORDER**

TO: **Government of Guam Retirement Fund and Government**

PLEASE TAKE NOTICE THAT:

1. That this Court granted and entered the Final Decree of Divorce and the Interlocutory Decree of Divorce in the above-entitled matter between the parties on August 7, 2001, and incorporated in the orders all the terms and conditions as set out in the Marital Settlement Agreement filed August 7, 2001;

2. That the Defendant, Gil Anthony Shinohara (SS[redacted] DOB[redacted] is a Participant in the Government of Guam Retirement Fund;

3. That the Participant, Gil Anthony Shinohara, and the Alternative Payee, Elizabeth Santos Shinohara, were married for at least 10 years during which years the Participant worked for the Government of Guam accruing retirement benefits under the Government of Guam Retirement Fund;

4. That the Final Decree of Divorce, Interlocutory Decree of Divorce and the Marital Settlement Agreement relate to the provisions of prospective child support, marital property, rights to a spouse, now former spouse and children of the Participant, Gil Anthony Shinohara;

5. That the Final Decree of Divorce, Interlocutory Decree of Divorce and the Marital

GOVERNMENT OF GUAM
RETIREMENT FUND
MAR 19 2008
RECEIVED
Member Services Division

Settlement Agreement establishes the terminated spousal relationship and parent/child relationships between the participant, Gil Anthony Shinohara, and the designated Alternative Payee, Elizabeth Santos Shinohara;

6. That the Final Decree of Divorce and Interlocutory Decree of Divorce were issued pursuant the Community Property Laws of Guam, *i.e.*, under Title 19 of the Guam Code Annotated;

7. That the mailing address of the Alternative Payee, Elizabeth Santos Shinohara, is P. O. Box [redacted] and mailing address will remain the same unless otherwise changed in writing by the Alternative Payee;

8. That the Final Decree of Divorce, Interlocutory Decree of Divorce and the Marital Settlement Agreement require payment to Plaintiff (Alternative Payee) of Fifty percent (50%) of the Participant's retirement benefits from the Government of Guam Retirement Fund, whether a lump sum benefit is withdrawn, or payment is an annuity;

9. That payment to the Alternative Payee shall be made only at the same time that payment would otherwise be made or released to the Participant;

10. That this order shall be treated for tax treatment of distributions as a "Qualified Domestic Relations Order" as described under Section 414(p) of the Internal Revenue Code of 1986, as amended.

SO ORDERED: JAN 31 2003.

Original Signed By:
Hon. Elizabeth Barrett-Anderson

HONORABLE KATHERINE A. MARAMAN,
Judge, Superior Court of Guam

Approved as to form:

F. RANDALL CUNLIFFE    DEC 03 2002

F. Randall Cunliffe, Esq.,
Attorney for Defendant

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

FEB 03 2003

Raymond T. Johnson II
Attorney-At-Law
388 S. Marine Drive, Suite 202
Tamuning, Guam 96911
Phone: 649-4631
Fax: 649-4632

Attorney for Plaintiff

IN THE SUPERIOR COURT OF GUAM

ELIZABETH SANTOS SHINOHARA, Plaintiff, vs. GIL ANTHONY SHINOHARA, Defendant.

DOMESTIC CASE NO. DM0650-00

FINAL DECREE OF DIVORCE

The Court has signed an Interlocutory Decree in this matter. The Court finds that it is now appropriate to issue a Final Decree of Divorce and good cause has been shown to shorten the waiting period of the issuance of the Final Decree of Divorce with said Order having been previously signed by this Court.

NOW, IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the Plaintiff, ELIZABETH SANTOS SHINOHARA, and the Defendant, GIL ANTHONY SHINOHARA, are hereby granted a Final Decree of Divorce from one another, upon grounds as stated in the Interlocutory Decree of Divorce and that all of the terms and conditions contained in the Interlocutory Decree of Divorce and marital Settlement Agreement are incorporated herein by reference and made a part of this Final Decree of Divorce.

EITHER PARTY IS NOW FREE TO MARRY.

SO ORDERED: ________________.

HONORABLE KATHERINE A. MARAMAN,
Judge, Superior Court of Guam

Approved as to form:

F. Randall Cunliffe, Esq.
Attorney for Defendant

GOVERNMENT OF GUAM RETIREMENT FUND
NOV 20 2002
RECEIVED

*Raymond T. Johnson II*
*Attorney-At-Law*
*388 S. Marine Drive, Suite 202*
*Tamuning, Guam 96911*
*Phone: 649-4631*
*Fax: 649-4632*

*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF GUAM

ELIZABETH SANTOS SHINOHARA,
[redacted]
Plaintiff,

vs.

GIL ANTHONY SHINOHARA,
[redacted]
Defendant.

DOMESTIC CASE NO. DM0650-00

**INTERLOCUTORY DECREE OF DIVORCE**

This cause having come before the Court for determination, and the Court being fully advised in the premises, and the Parties having waived all Findings of Fact and Conclusions of Law;

IT IS ADJUDGED that good cause appearing therefore, pursuant to parties' request that the six month waiting period be waived, the time for filing of the Final Decree of Divorce is hereby shortened, herein granting a divorce and restoring said parties to the status of single persons upon filing of the Final Decree, and permitting either to marry after the entry thereof, and granting such other and further relief as may be necessary to complete disposition of this action.

NOW, IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the Plaintiff, ELIZABETH SANTOS SHINOHARA, is hereby granted a Interlocutory Decree of Divorce from the Defendant, GIL ANTHONY SHINOHARA, upon the grounds of Irreconcilable Differences and under the terms and conditions as contained in the Marital Settlement Agreement executed by the parties and that all of the terms and conditions as contained in the Marital Settlement Agreement are incorporated herein by reference and made a part of this Interlocutory Decree of Divorce as if set out in full herein.

Dated: AUG 7 2001

HONORABLE KATHERINE A. MARAMAN,
Judge, Superior Court of Guam

Approved as to form:

F. Randall Cunliffe, Esq.
Attorney for Defendant

GOVERNMENT OF GUAM
RETIREMENT FUND
NOV 20 2002
RECEIVED

TYPE/PRINT IN PERMANENT BLACK INK FOR INSTRUCTIONS SEE HANDBOOK

DEPARTMENT OF PUBLIC HEALTH & SOCIAL SERVICES OFFICE OF VITAL STATISTICS

# GOVERNMENT OF GUAM
U.S. STANDARD
## CERTIFICATE OF DIVORCE, DISSOLUTION OF MARRIAGE, OR ANNULMENT

FILE NUMBER DM 605-00

**HUSBAND**

| 1. HUSBAND'S NAME (First, Middle, Last) | | |
|---|---|---|
| Gil Anthony Shinohara | | |
| 2a. RESIDENCE—CITY, TOWN, OR LOCATION: [redacted] | 2b. COUNTY: Hagatna | |
| 2c. STATE: Guam | 3. BIRTHPLACE (State or Foreign Country): Guam | 4. DATE OF BIRTH (Month, Day, Year): [redacted] |

**WIFE**

| 5a. WIFE'S NAME (First, Middle, Last) | 5b. MAIDEN NAME | |
|---|---|---|
| Elizabeth Santos Shinohara | Elizabeth F. Santos | |
| 6a. RESIDENCE—CITY, TOWN, OR LOCATION: [redacted] | 6b. COUNTY: Mangilao | |
| 6c. STATE: Guam | 7. BIRTHPLACE (State or Foreign Country): Guam | 8. DATE OF BIRTH (Month, Day, Year): [redacted] |

**MARRIAGE**

| 9a. PLACE OF THIS MARRIAGE—CITY, TOWN, OR LOCATION | 9b. COUNTY | 9c. STATE OR FOREIGN COUNTRY | 10. DATE OF THIS MARRIAGE (Month, Day, Year) |
|---|---|---|---|
| Sinajana | | Guam | 09-22-79 |

| 11. DATE COUPLE LAST RESIDED IN SAME HOUSEHOLD (Month, Day, Year) | 12. NUMBER OF CHILDREN UNDER 18 IN THIS HOUSEHOLD AS OF THE DATE IN ITEM 11 | 13. PETITIONER |
|---|---|---|
| 08-07-00 | Number 2 ☐ None | ☐ Husband ☒ Wife ☐ Both ☐ Other (Specify) |

**ATTORNEY**

| 14a. NAME OF PETITIONER'S ATTORNEY (Type/Print) | 14b. ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) |
|---|---|
| Raymond T. Johnson II | [redacted] |

**DECREE**

| 15. I CERTIFY THAT THE MARRIAGE OF THE ABOVE NAMED PERSONS WAS DISSOLVED ON: (Month, Day, Year) | 16. TYPE OF DECREE—Divorce, Dissolution, or Annulment (Specify) | 17. DATE RECORDED (Month, Day, Year) |
|---|---|---|
| | | |

| 18. NUMBER OF CHILDREN UNDER 18 WHOSE PHYSICAL CUSTODY WAS AWARDED TO: | 19. COUNTY OF DECREE | 20. LEGAL GROUNDS |
|---|---|---|
| Husband ___ Wife 2 Joint (Husband/Wife) ___ Other ___ ☐ No children | | |

| 21. SIGNATURE OF CERTIFYING OFFICIAL | 22. TITLE OF CERTIFYING OFFICIAL | 23. DATE SIGNED (Month, Day, Year) |
|---|---|---|
| ▶ | | |

CONFIDENTIAL INFORMATION. THE INFORMATION BELOW WILL NOT APPEAR ON CERTIFIED COPIES OF THE RECORD.

| | 24. NUMBER OF THIS MARRIAGE—First, Second, etc. (Specify below) | 25. IF PREVIOUSLY MARRIED, LAST MARRIAGE ENDED: By Death, Divorce, Dissolution, or Annulment (Specify below) | Date (Month, Day, Year) | 26. RACE—American Indian, Black, White, etc. (Specify below) | 27. EDUCATION (Specify only highest grade completed): Elementary/Secondary (0-12) | College (1-4 or 5+) |
|---|---|---|---|---|---|---|
| HUSBAND | 24a. first | 25a. N/A | 25b. | 26a. Chamorro | 27a. 12 | 1 |
| WIFE | 24b. first | 25c. N/A | 25d. | 26b. Chamorro | 27b. 12 | 3 |

Irreconcilable Differences

REV 1/89

GOVERNMENT OF GUAM RETIREMENT FUND

NOV 20 2002

RECEIVED

**Law Offices**
***Cunliffe & Cook***
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

**Attorneys for:** Defendant

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ELIZABETH SANTOS SHINOHARA, Plaintiff, vs. GIL ANTHONY SHINOHARA, Defendant. | DOMESTIC CASE NO. DM0650-00 **MARITAL SETTLEMENT AGREEMENT** |

This Marital Settlement Agreement is made by and between **Elizabeth Santos Shinohara** (hereafter referred to as "Wife"), Date of Birth: [redacted] and Social Security No. [redacted] and **Gil Anthony Shinohara**, (hereafter referred to as "Husband"), Date of Birth: [redacted] and Social Security No. [redacted]

1. **STATISTICAL FACTS**. We make this Agreement with reference to the following facts:

(a) Place of marriage: Sinajana, Guam.

(b) Date of marriage: September 22, 1979.

(c) Date of separation: August 6, 2000.

GOVERNMENT OF GUAM RETIREMENT FUND
NOV 20 2002
RECEIVED

(d) There are four (4) children of the marriage, to wit:

| Name | Date of Birth | SS# | Sex |
|---|---|---|---|
| Gil Anthony Shinohara III | [redacted] | [redacted] | M |
| Joseph Raymond Shinohara | [redacted] | [redacted] | M |
| Ryan Jude Shinohara | [redacted] | [redacted] | M |
| Jonathan Paul Shinohara | [redacted] | [redacted] | M |

(e) There is no unborn child of this marriage.

2. **CHILD CUSTODY**. The parties shall have joint legal custody of the minor children of the marriage with physical custody to Wife and reasonable visitation to Husband.

3. **CHILD SUPPORT**. Husband shall pay to Wife the sum of $1,000.00 per month, per child, as and for the support, care and maintenance of each minor child of this marriage pursuant to the Child Support Guidelines, payable until such time as the minor children of the marriage reaches the age of majority or is otherwise emancipated. All payments shall be made directly to Wife.

4. **LIFE INSURANCE**. All current insurance policies in effect at the time of the marriage will continue in full force and effect with the children of the marriage as the named beneficiary of those polices. Husband and Wife will provide proof each year that the children are the beneficiaries.

5. **MEDICAL AND DENTAL INSURANCE**. Husband shall provide medical and dental insurance coverage for said children of the marriage until such time as each minor child reaches the age of majority, marries or leaves parental control and for the Wife as long as permitted by the insurance carrier.

6. **COMMUNITY PROPERTY**. The community property acquired by the parties during their marriage, subject to disposition by the court shall be divided as follows:

(a) Wife shall take the following as her sole and separate property:

i. 1997 Ford Explorer automobile:
ii. 1989 Mercedes Benz automobile;
iii. Fifty percent (50%) of Husband's retirement benefits with the Government of Guam at the time of retirement, whether a lump sum benefit is withdrawn, or payment is an annuity; and,
iv. Any and all household goods and effects located at the family home in Mangilao, Guam.

(b) Husband shall retire the liability with Revenue & Taxation from monies owed from the sale of that property known as Pedro's Plaza and any monies in excess of the Revenue & Taxation's tax liability shall go to Wife for her sole and separate property.

(c) The parties shall deed to the children the house and lot described as Lot No. 2290-REM-2NEW-2 Municipality of Barrigada, Guam, containing an area of 832± square meters and an undeveloped lot described as Lot No. 2290-REM-2NEW-R4, Municipality of Barrigada, Guam containing an area of 1,183± square meters with Wife to retain a life estate in Lot No. 2290-REM-2NEW-2, Municipality of Barrigada, Guam.

7. **SEPARATE PROPERTY**. Husband shall retain as his sole and separate property the following:

(a) House and lot in Yigo, Guam;

(b) His ownership interest in the Barrigada Family Store;

(c) Husband and Wife agree that any and all property acquired by either one of them from and after the date of separation shall be the sole and separate property of the one so acquiring it; and each of them waive any and all property rights in or to such future acquisitions and hereby grants to the other all such future acquisitions of property as the sole and separate property of the one so acquiring the same.

8. **COMMUNITY DEBT**. The community debts incurred during this marriage shall be divided as follows:

(a) Husband shall be responsible for all of the following community debts and hold Wife harmless thereon:

   i. Mortgage on the family home with Beals Bank in the approximate amount of $50,000.00;
   
   ii. Loan from Bank of Guam in the approximate amount of $120,000.00;
   
   iii. Outstanding liability with Revenue & Taxation;
   
   iv. Personal loans of Husband in various amounts.

(b) Husband agrees to acquire credit life insurance on the Home Mortgage with Beals Bank and maintain said insurance with the current mortgage until it is paid in full.

(c) Husband agrees to pay the cost of automobile insurance for the 1997 Ford Explorer and 1989 Mercedes Benz automobiles as long as they are operational and licensed to Wife.

(d) Husband agrees to be responsible for and pay the college tuition, and room and board while in college, incurred by the children of the marriage for a period not to exceed five years per child.

9. **SPOUSAL SUPPORT**. Husband and Wife are in good health and employed, or employable. Neither requires spousal support from the other.

10. **SEPARATION OF THE PARTIES**. The parties may and shall at all times hereafter live and continue to live separate and apart for the rest of their natural lives. Each shall be free from interference, authority and control, direct or indirect, by the other as fully as if he or she was single and unmarried. Subject to the provisions of this Agreement, each may reside at such place or places as he or she may select. The parties shall not molest each other or compel or endeavor to compel the other to cohabit or dwell with him or her by any legal or other proceedings for restitution of conjugal rights or otherwise.

11. **ACCEPTANCE AND MUTUAL RELEASE**. Each of the parties shall receive the property set apart to them and the undertakings herein in full and complete settlement and release of all claims and demands of every kind, name or nature against the other party hereto, including all liability now or at any time hereafter existing or accruing on account of support, maintenance, alimony (temporary or permanent), community property, dower, curtesy, or other allowances, either statutory or arising at

common law, incident to the marriage relation; and after this settlement, Husband and Wife shall require nothing whatsoever of the other, except as herein provided, as though the marriage relation between them had never existed.

12. **WAIVER OF CLAIM AGAINST ESTATE**. The parties agree that the estates of each other, after payment of the consideration herein mentioned to the parties, shall belong to the person or persons who would have become entitled thereto if the survivor had died during the lifetime of the deceased; and the parties further agree that they will not contest any will of each other to be probated, and will allow administration upon the other's personal estate to be taken out by the person or persons who would have become entitled thereto if the survivor had died during the lifetime of the deceased. Each party releases to the other and to the heirs, executors, administrators, and assigns thereof all claims or rights of dower, curtesy, or inheritance, descent, distribution, election or alimony (except that accruing under provisions of this Agreement) in and to all property, real or personal, of the other, whether now owned or hereafter acquired.

13. **INCOME TAX RETURNS**. Husband and Wife agree to assume and pay their own existing indebtedness and all debts personally incurred since the date of separation, and to save the other party harmless thereon. Wife shall claim the minor children of the marriage as her dependents for income tax filing purposes.

14. **ADDITIONAL INSTRUMENTS**. We mutually covenant and agree on demand, to execute any other or further instruments necessary or convenient to carry out the provisions of this Agreement.

15. **LEGAL EFFECT**. We mutually stipulate that both of us have read this Agreement with the advice of counsel and are fully aware of its contents and of its legal effect; or have knowingly waived advice of legal counsel prior to executing this agreement.

16. **ENTIRE AGREEMENT**. This Agreement is the entire agreement between Husband and Wife. We may no longer alter, amend or modify it, except by an instrument in writing executed by both of us. It includes all representations of every kind and nature made by each of us to the other. This Agreement shall be binding upon and inure to the benefit of both of us, and of our heirs, executors, administrators, successors and assigns.

17. **ACTION DISSOLVING MARRIAGE**. It is further understood and agreed that in the suit for dissolution of marriage, this agreement, subject to the court having jurisdiction thereof, shall be incorporated and made a part of any decree of legal separation or dissolution of marriage that may be granted by such court.

18. **ENFORCEMENT/ATTORNEY'S FEES**. If legal action is necessary to enforce the provisions of this Agreement, the prevailing party shall be entitled to attorney's fees and costs incurred therefrom.

19. **BINDING EFFECT**. All covenants, promises, stipulations, agreements and provisions contained herein shall apply to, bind and be obligatory upon, the heirs, executors, administrators, personal representatives and assigns to the parties hereto.

20. **WAIVER**. Wife agrees that Husband may obtain a divorce in the above-captioned case by default and further waive Findings of Fact and Conclusions of Law. The parties hereby agree that the six-month interlocutory period should be waived and a Final Decree of Divorce is immediately entered in this matter.

We execute this Agreement and make it effective on the day and year below written.

**WIFE:**

ELIZABETH SANTOS SHINOHARA

Date: 8/7/01

**HUSBAND:**

GIL ANTHONY SHINOHARA

Date: 08.07.2001

**ACKNOWLEDGEMENT**

Hagåtña, Guam.

ON THIS 7th day of August, 2001, before me, the undersigned notary, personally appeared **Elizabeth Santos Shinohara**, the person whose name is signed on the preceding or attached Marital Settlement Agreement, and acknowledged to me that she signed it voluntarily for its stated purpose.

NOTARY PUBLIC

RAYMOND T. JOHNSON II
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission Expires: Nov. 05, 2002
Suite 202 388 South Marine Drive
Tamuning, Guam 96911-3903

Hagåtña, Guam.

ON THIS 7th day of August, 2001, before me, the undersigned notary, personally appeared **Gil Anthony Shinohara**, the person whose name is signed on the preceding or attached Marital Settlement Agreement, and acknowledged to me that he signed it voluntarily for its stated purpose.

NOTARY PUBLIC

FRANCINE RENEA M. UNCANGCO
NOTARY PUBLIC
In and for Guam U.S.A.
My commission Expires: Sept. 19, 2004
Suite 200, 210 Archbishop. F.C. Flores Street
Hagatna, Guam 96910

FRC:rgb WORK DOC2 (Legal Docs)
FRC DOCS S-0055.1 MSA